**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **NORTHROP GRUMMAN CORP.,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **No. 07-482C** |
| | **)** | **(Judge Baskir)** |
| **THE UNITED STATES,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**DEFENDANT'S ANSWER**

For its answer to plaintiff's complain, defendant admits, denies, and alleges as follows:

The allegations contained in the introductory paragraph to plaintiff's complaint are plaintiffs' characterization of this action, their request for relief and their cause of action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

1. The allegations contained in paragraph 1 are plaintiff's characterization of their action and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits.

3. Admits the allegations that Northrop Grumman Corporation (Northrop) and the United States are parties to numerous contracts which are assigned for contract administration purposes to the Defense Contract Management Agency (DCMA) contained in the first sentence of paragraph 3. The allegations that the contracts are subject to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613 contained in the first sentence of paragraph 3 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the remainder of the allegations contained in paragraph 3 of the complaint.

4. Admits the allegations contained in paragraph 4 to the extent supported by the July 7, 2006 contracting officer's final decision issued by DCMA Defense Corporate Executive (DCE) which is the best evidence of its contents; otherwise denies the allegations contained paragraph 4.

5. The allegations contained in paragraph 5 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations that, between 1993 and 1998, Northrop established a Restricted Performance Stock Rights (RPSR) plan contained in paragraph 6; denies the remainder of the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

7. Admits the allegations contained in the first and second sentences of paragraph 7; admits the remainder of the allegations contained in paragraph 7 to the extent supported by the Northrop's 1993 Long Term Incentive Stock plan which is the best evidence of its contents; otherwise denies the remainder of the allegations contained paragraph 7.

8. Admits.

9. Denies.

10. Admits.

11. Admits the allegations contained in the first, second, and third sentences of paragraph 11 to the extent supported by the Defense Contract Audit Agency (DCAA) incurred cost and forward pricing audit reports referred to in the first sentence of paragraph 11 to the extent supported by the DCAA audit reports referred to in the first sentence of paragraph 11, which are the best evidence of their contents; otherwise denies the allegations contained in the

first, second, and third sentences of paragraph 11; admits the allegations contained in the fourth sentence of paragraph 11 to the extent supported by FAR § 31.206-6(I), which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 11.

12. Admits the allegations contained in the first and second sentences of paragraph 12; denies the remainder of the allegations contained in the first sentence of paragraph 12 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

13. Admits the allegations that DCE is responsible for determining the allowability of Northrop's corporate office expense costs, including deferred compensation costs incurred pursuant to a corporate wide plan, pursuant to FAR §§ 42.301 and 42.603 contained in paragraph 13 of the complaint; denies the remainder of the allegations contained in paragraph 13 of the complaint.

14. Admits.

15. Admits the allegations contained in paragraph 15 to the extent supported by the settlement agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the settlement agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the settlement agreement cited, which is the best evidence of its contents; otherwise denies the

allegations contained in the fourth sentence of paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the settlement agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in the first sentence of paragraph 19. Admits the allegations contained in the second sentence of paragraph 19 to the extent supported by the settlement agreement cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20 to the extent supported by the settlement agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 20. Admits the allegations contained in the second sentence of paragraph 20 to the extent supported by Attachment A to the settlement agreement cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the second sentence of paragraph 20.

21. Admits the allegations that Northrop took steps to maintain the confidentiality of the settlement agreement contained in the first sentence of paragraph 21; admits the allegations that Article 5 of the settlement agreement required the parties to keep the settlement agreement confidential contained in the first sentence of paragraph 21 to the extent supported by the settlement agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 21. Denies the allegations contained in the second and third sentences of paragraph 21 for lack of knowledge or information sufficient to

form a belief as to the matters asserted. Denies the allegations contained in the fourth sentence of paragraph 21 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the fifth sentence of paragraph 21 that the terms of the Article 1, paragraph (c) are noted above; admits the remainder of the allegations contained in the fifth sentence of paragraph 21, to the extent supported by the Article 1 paragraph C, which is the best evidence of its contents; otherwise denies the allegations contained in the fifth sentence of paragraph 21. Admits the allegations contained the sixth sentence of paragraph 21 to the extent supported by Attachment A of the settlement agreement, which is the best evidence of its contents; otherwise denies the allegations contained in the sixth sentence of paragraph 21.

22. Admits the allegations that Attachment A omitted any references to the 75 percent RPSR ceiling contained in the first sentence of paragraph 22 to the extent supported by Attachment A to the settlement agreement; otherwise denies the allegations contained in the first sentence of paragraph 22. Denies the remainder of the allegations contained in the first and second sentences contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to the matters asserted.

23. Admits the allegations contained in the first sentence of paragraph 23. Denies the allegations contained in the second sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to the matters asserted. Admits the allegations contained in the third sentence of paragraph 23.

24. Denies the allegations contained in the first, second, third, and fourth sentences of paragraph 24 for lack of knowledge or information sufficient to form a belief as to the matters

asserted. Admits the allegations contained in the fifth sentence of paragraph 24.

25. Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to the matters asserted.

26. Admits the allegations that Plaintiff's 2003 certified final indirect cost proposal was submitted to the Government on June 30, 2004 contained in the first sentence of paragraph 26; denies the remainder of the allegations contained in the first, second, and third sentences of paragraph 26 for lack of knowledge or information sufficient to form a belief as to the matters asserted.

27. Admits the allegations contained in the first sentence of paragraph 27. Admits the remainder of the allegations contained in the second and third sentences of paragraph 27 to the extent supported by the draft audit cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 27.

28. Admits.

29. Admits the allegations contained in the first and second sentences of paragraph 29 to the extent supported by the draft audit cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 29. Admits the allegations that Northrop denies that the excess RPSR costs included in the 2003 corporate overhead submission are allowable and the penalties are appropriate contained in the third sentence of paragraph 29; denies the allegations contained in the third sentence of paragraph 29 that Northrop's excess RPSR costs included in the 2003 corporate overhead submission are unallowable and the penalties are not appropriate.

30. Admits the allegations contained in paragraph 30 to the extent supported by the

December 22, 2005 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the February 24, 2006 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in the first and second sentences of paragraph 32 to the extent supported by the March 24, 2006 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 32. Denies the allegations contained in the third, fourth, fifth, and sixth sentences of paragraph 32. Admits the remainder of the allegations contained in the seventh sentence of paragraph 32 to the extent supported by the March 24, 2006 letter cited in the first sentence of paragraph 32; otherwise denies the allegations contained in the seventh sentence of paragraph 32.

33. Denies the allegations contained in the first sentence of paragraph 33 that the plaintiffs' March 24, 2006 letter demonstrated that Northrop has established policies and personnel training and an internal control and review system that provide assurance that unallowable costs subject to penalties are precluded form being included in the contractor's final indirect costs rate proposals. Denies the allegations contained in the third sentence of paragraph 33 that DCAA's audits have not disclosed recurring instances of expressly unallowable costs. Denies the remainder of the allegations contained in second and third sentences of paragraph 33 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

34. Denies.

35. Admits the allegations contained in the first sentence of paragraph 35. Admits the allegations contained in the second, third, and fourth sentences of paragraph 35 to the extent supported by DCAA's May 9, 2006 letter, which is the best evidence of its contents; otherwise denies the allegations contained in the second, third, and fourth sentences of paragraph 35.

36. Admits the allegations contained in paragraph 36 that Northrop's March 24, 2006 response was a detailed response. The allegations contained in paragraph 36 that FAR § 42.709-5 required DCAA to waive the penalty are conclusions of law to which no response is required; to the extent that they are an allegation of fact, they are denied. Admits the remainder of the allegations contained in paragraph 36 to the extent supported by DCAA's July 7, 2006 letter, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent supported by Northrop's December 2006 analysis which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

**COUNT I**

38. The United States avers and incorporates by reference its responses to paragraphs 1 through 37 as though set forth in full.

39. Denies.

40. Admits.

41. Admits.

42. Denies the allegations contained in the first sentence of paragraph 42 that FAR

§ 42.709(a)(2) provides, “If the indirect cost was determined to be unallowable for *that contract* before proposal submission, the penalty is two times the amount in paragraph (a)(1)(I) of this section.” (Emphasis added). Defendant avers that FAR § 42.708(a)(2) provides that, “If the indirect cost was determined to be unallowable for *that contractor* before proposal submission, the penalty is two times the amount in paragraph (a)(1)(I) of this section.” (Emphasis added). Admits the allegations contained in the second sentence of paragraph 42.

43. Denies the allegations contained in the first sentence of paragraph 43. Admits the allegations contained in the second sentence of paragraph 43 to the extent supported by FAR § 31.001 which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 43. Denies the allegations contained in the third sentence of paragraph 3. Defendant avers that the RPSR costs are expressly unallowable pursuant to FAR § 31. 205-6(i)(1), which states: “Any compensation which is calculated, or valued, based on changes in the price of corporate securities is unallowable.”

44. Denies the allegations contained in the first sentence of paragraph 44. The allegations contained in the second sentence of paragraph 44 are conclusions of law, to which no response is required; to the extent that they are deemed to be allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 44. Defendant avers that the excess RPSR costs were previously determined to be unallowable by the settlement agreement.

45. Admits the allegations contained in the first, second, and third sentences of paragraph 45. Admits the allegations contained in the fourth sentence of paragraph 45 to the extent supported by Recital E of the settlement agreement, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 45.

46. Admits the allegations contained in the first sentence of paragraph 46 that, pursuant to the terms of the settlement agreement, Northrop agreed to include only a specified percentage of the Settled Costs in its overhead rates for fiscal years 2000-2003; denies the remainder of the allegations contained in the first sentence of paragraph 46 that there was no determination that Settled Costs in excess of the specified percentages were unallowable. Defendant avers that the settlement agreement provides: ". . . the Government agrees to allow Northrop to include Settled Costs in the appropriate overhead rates for fiscal years 1997-2003, . . . . " Defendant avers that the corollary of this term is that Settled Costs are unallowable. Defendant admits the remainder of the allegations contained in the first, second, third, fourth, and fifth sentences of paragraph 46 to the extent supported by the settlement agreement, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 46. Defendant denies any implication that the cited provisions preclude the imposition of a penalty for inclusion of excess RPSR costs in the 2003 overhead rate proposal.

47. Denies.

**COUNT II**

48. The United States avers and incorporates by reference its responses to paragraphs 1 through 37 and 45 through 46 as though set forth in full.

49. Denies.

50. Admits.

51. Admits the allegations contained in paragraph 51 to the extent supported by Article 2 of the settlement agreement, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. Admits the allegations contained in paragraph 52 to the extent supported by the DCE final decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 52.

53. Denies.

**COUNT III**

54. The United States avers and incorporates by reference its responses to paragraphs 1 through 37 as though set forth in full.

55. Admits the allegations contained in the first sentence of paragraph 55 that the United States did not waive the applicable penalties; denies the remainder of the allegations contained in the first sentence of paragraph 55. Admits the allegations contained in the second sentence of paragraph 55 to the extent supported by FAR § 42.709-5(c), which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 55.

56. The allegations contained in paragraph 56 are conclusions of law to which no response is required; to the extent that they are allegations of fact, they are denied.

57. Denies.

58. Denies.

**COUNT IV**

59. The United States avers and incorporates by reference its responses to paragraphs 1 through 37 as though set forth in full.

60. Denies the allegations that the Government's claim is significantly overstated; admits the allegations that the DCE's final decision asserts a claim to the extent supported by the

DCE's final decision contained in paragraph 60, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 60.

61. Admits the allegations contained in the first sentence of paragraph 61. Denies the allegations contained in the second sentence of paragraph 61 that the penalty amount was significantly overstated; admits the remainder of the allegations contained in the second sentence of paragraph 61.

62. Admits the allegations that DCE did not change the penalty amount based upon DCAA's revised assessment and asserted a Government claim contained in paragraph 62; denies the remainder of the allegations contained in paragraph 62.

63. The allegations contained in the first sentence of paragraph 63 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 63.

64. Denies each and every allegation not previously admitted or otherwise qualified.

65. Denies that Northrop is entitled to the relief requested, or to any relief whatsoever.

66. The remainder of the allegations contained in the complaint enumerates prayers for relief to which no response is required.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

/s/ Sheryl L. Floyd

SHERYL L. FLOYD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-8278
Facsimile: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

CAROL MATSUNAGA
Senior Trial Attorney
DCMA Contract Disputes Resolution Center
Carson, CA 90746-2856

SEPTEMBER 19, 2007

**CERTIFICATE OF FILING**

I hereby certify that on this 19th day of SEPTEMBER, 2007, a copy of this "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing, through the Court's system.

/s/ Sheryl L. Floyd