**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **NORTHROP GRUMMAN CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-482C** |
| | ) | **(Judge Baskir)** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, Paragraph 4, plaintiff, Northrop Grumman Corp. ("Northrop Grumman"), and defendant, the United States of America (collectively, "the parties"), respectfully submit this joint preliminary status report.

**a. Does the Court have jurisdiction over the action?**

It is plaintiff's position that the Court has jurisdiction over all issues raised by plaintiff's complaint pursuant to section 10 of the Contract Disputes Act, 41 U.S.C. § 609, and the Tucker Act, 28 U.S.C. § 1491(a). As of this time, defendant does not anticipate that it will challenge the Court's jurisdiction to entertain plaintiff's complaint.

**b. <u>Should the case be consolidated with any other case</u>?**

The parties do not believe that this case should be consolidated with any other case.

**c. <u>Should trial of liability and damages be bifurcated</u>?**

Plaintiff does not believe that the issues of liability and damages should be bifurcated. It is plaintiff's position that an examination of the alleged damages is necessary because Count IV of plaintiff's complaint alleges that the Defense Corporate Executive's final decision was arbitrary and capricious on the basis that it knowingly asserts an inflated claim.

Defendant believes that the issues of liability and damages should be bifurcated. It is defendant's position that, if the Court finds liability, the parties may be able to resolve any damages issues through settlement.

**d. <u>Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal</u>?**

The parties do not believe that this case should be deferred pending consideration of another case before another tribunal.

**e. <u>In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration</u>?**

The parties do not believe that a remand or suspension will be sought.

f. **Will additional parties be joined?**

The parties do not believe that any additional parties will be joined.

g. **Does either party intend to file a dispositive motion pursuant to RCFC 12(b), 12(c), or 56?**

Plaintiff expects to file a dispositive motion for summary judgment pursuant to RCFC 56(a) after it has completed discovery in this matter.

As of this time, defendant expects to file a dispositive motion pursuant to RCFC 56 with respect to Counts I, II, and III, and a motion to dismiss and/or for summary judgment with respect to Count IV. Defendant anticipates that it will file its motion(s) after it has completed discovery in this matter.

h. **What are the relevant factual and legal issues?**

**Plaintiff's statement of the relevant factual and legal issues is as follows**:

1. Whether the costs included in Northrop Grumman's final indirect cost rate proposal and allocated to covered contracts are subject to penalties in accordance with 10 U.S.C. § 2324(a) and Federal Acquisition Regulation ("FAR") 42.709-1.

a. Whether the costs included in Northrop Grumman's final indirect cost rate proposal and allocated to covered contracts are

"expressly unallowable."

b. Whether the costs included in Northrop Grumman's final indirect cost rate proposal and allocated to covered contracts are "mutually agreed to be unallowable."

2. Whether the imposition of penalties is barred by the parties' June 14, 2002 Settlement Agreement and Mutual Release.

a. Whether the costs included in Northrop Grumman's final indirect cost rate proposal and allocated to covered contracts are included within the definition of "Settled Costs" under the aforementioned agreement.

b. Whether the agreement waives and releases the government's ability to assess penalties against "Settled Costs."

3. Whether the Defense Corporate Executive ("DCE") abused his discretion by refusing to waive the penalties in accordance with FAR 42.709-5(c).

a. Whether Northrop Grumman has established policies and personnel training and an internal control and review system that provide assurance that unallowable costs subject to penalties are precluded from being included in Northrop Grumman's final indirect cost rate proposals.

b. Whether the contested costs included in Northrop Grumman's final indirect cost rate proposal and allocated to covered contracts were inadvertently incorporated into the proposal, notwithstanding the exercise of due care.

4. Whether the DCE's final decision is arbitrary and capricious because it knowingly asserts an inflated claim for penalties.

**Defendant's statement of the relevant factual and legal issues is as follows**:

1. Whether the Defense Contract Management Agency ("DCMA") possessed the right under Contract No. N0003-030C-0005 (the "Contract") and the FAR to assess the penalties.

2. Whether the DCMA's exercise of that right was barred by any statute or regulation.

3. Whether the Settlement Agreement and Mutual Release, dated June 14, 2002, bars the DCMA from imposing penalties for excess Restricted Performance Stock Right ("RPSR") costs included in Northrop Grumman's included in its Fiscal Year 2003 Indirect Cost Proposal for Deferred Compensation.

i. **<u>What is the likelihood of settlement? Is alternative dispute resolution contemplated</u>?**

The parties acknowledge that this case has been assigned to an Alternative Dispute Resolution Judge for alternative dispute resolution and possible settlement. The parties will engage in ADR in accordance with the Court's Special Procedures Order issued on September 4, 2007. The parties are unable to determine at this time whether settlement of this matter is possible.

j. **<u>Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor</u>?**

If the parties' dispositive motions do not resolve this matter, and settlement discussions are not successful, the parties expect to proceed to trial. The parties do not believe that expedited trial scheduling is appropriate.

k. **<u>Are there special issues regarding electronic case management needs</u>?**

The parties are not currently aware of any special issues regarding electronic case management needs.

l. **<u>Is there other information of which the Court should be aware</u>**

**<u>of at this time</u>?**

The parties are not aware of any information of which the Court should be aware at this time.

**m. <u>Joint Proposed Scheduling Plan</u>**

The parties agree on the following discovery schedule: The parties will exchange their initial disclosures on December 4, 2007. The parties propose a fact discovery period of approximately 10 months, through September 30, 2008.[1]

With regard to RCFC 26(a)(2) disclosures, plaintiff will identify its expert witness(es), if any, on or before August 29, 2008. The defendant will identify its expert witness(es), if any, on or before September 30, 2008. On October 31, 2008, the parties will exchange expert reports in the manner and form required by Rule 26(a)(2), including all supporting documentation, spreadsheets, calculations, and formulas supporting damages calculations and spreadsheets, in hard copy and electronically; iterations of prior drafts need not be submitted. On December 12, 2008, the parties will exchange expert rebuttal reports in the matter and form

---

[1] Defendant proposes that the parties engage in discovery relating to both liability and damages issues during the 10-month period of discovery.

required by Rule 26(a)(2), including all supporting documentation, spreadsheets, calculations, and formulas supporting damages calculations and spreadsheets, in hard copy and electronically; iterations of prior drafts need not be submitted. The parties propose that expert discovery will continue through January 30, 2009.

The parties will submit to the Court a joint status report on February 19, 2009, which sets forth the parties' suggested further proceedings in the case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

KAREN L. MANOS
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., N.W.
Washington, D.C.
Tele: (202) 955-8536
Facsimile: (202) 530-9533

SHERYL L. FLOYD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-8278
Facsimile: (202) 514-8624

OF COUNSEL:

CHRISTYNE K. BRENNAN
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036

Attorneys for Plaintiff

DATE: 11/20/07

OF COUNSEL:

CAROL MATSUNAGA
DCMA Contract Disputes Resolution Center
18901 South Wilmington
Carson, CA 90746-2856

Attorneys for Defendant

DATE: 11/20/07

## CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 20th day of NOVEMBER, 2007, a copy of the "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing, through the Court's system.

[signature]

CHRISTYNE K. BRENNAN